IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOCAL UNION 30, UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, et al. | : : : : : CIVIL ACTION |
| Plaintiffs/Counterclaim Defendants, | : : |
| v. | : No. 01-5344 |
| D.A. NOLT, INC., | : : |
| Defendant/Counterclaimant, | : : |
| ROOFING CONTRACTORS ASSOCIATION | : : |
| Third Party Defendant | : : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                    **JUNE 23, 2008**

Presently before the Court is D.A. Nolt, Inc.'s ("Nolt") Motion For Leave to File An Amended Counterclaim and Second Amended Third-Party Complaint ("Motion to Amend"). For the reasons set forth below, the Motion is denied.

**I.     FACTS**

The facts and procedural history relevant to Nolt's Motion to Amend are as follows. On October 22, 2001, Local Union 30, United Union of Roofers, Waterproofers and Allied Workers ("Local 30") filed a Complaint in this Court asserting claims against Nolt arising from Nolt's alleged breach of a collective bargaining agreement. Local 30 also filed a related case against Nolt before the National Labor Relations Board ("NLRB"), in which it sought to enforce the terms of the collective bargaining agreement. On December 13, 2001, Nolt filed an Answer to

the Local's Complaint, and additionally, filed a Counterclaim against Local 30 and a Third-Party Complaint against Roofing Contractors Association ("RCA"), alleging claims for fraud against both parties. Thereafter, on December 15, 2003, just two days after Nolt filed these additional claims in this Court, the NLRB determined that Nolt was bound to the terms of the collective bargaining agreement. Nolt appealed the decision to the United States Court of Appeals for the Third Circuit. On February 1, 2005, the parties requested that this Court place the case on the Court's suspended docket, pending the Third Circuit's decision on appeal. On February 10, 2005, this Court granted the parties' request, and placed the matter in suspense. The Third Circuit issued an opinion in Nolt's favor on May 4, 2005, disposing of the claims asserted in the Local's original Complaint against Nolt. Thus, the only remaining causes of action were the allegations of fraud that Nolt had asserted against Local 30 and RCA in this Court. As such, this Court removed the matter from suspense on April 2, 2007, and restored the case to the Court's active trial docket. Since that time, the parties have conducted discovery and exchanged expert reports. Discovery is now closed, and all three parties have filed Motions for Summary Judgment.

On May 16, 2008, the deadline for filing dispositive motions in this matter, Nolt filed, along with its Motion for Summary Judgment, a Motion to Amend. In this Motion, Nolt seeks leave to file an Amended Counterclaim against Local 30, asserting an additional claim for civil conspiracy. Nolt also seeks leave to file a Second Amended Third-Party Complaint against RCA, asserting additional claims for breach of contract, civil conspiracy, negligence, intentional and negligent misrepresentation/ omission, breach of duty of loyalty, breach of fiduciary duty, tortious interference with contractual relations and breach of duty of good faith and fair dealing. This Court held oral argument on this Motion on June 11, 2008. At that time, it was shown that

Nolt had filed a Complaint in the District of New Jersey in 2006, asserting the identical claims against Local 30 and RCA that it now seeks to assert in the case pending before this Court.

## II.   STANDARD OF REVIEW

The decision whether to grant or deny a motion to amend rests in the sound discretion of the trial court. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). Federal Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P. 15(a)(2). The Third Circuit has identified "undue delay, bad faith, dilatory motive, prejudice, and futility" as factors justifying a court's decision to deny a party leave to amend. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). The Third Circuit has also held that "prejudice to the nonmoving party is the touchstone for denial of an amendment." Cornell & Co. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). Thus, while Rule 15(a)(2) contemplates a liberal standard for the amendment of pleadings, a court is justified in denying a motion to amend where these equitable factors weigh against allowing the amendment. Forman v. Davis, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

This Court finds that Nolt's Motion to Amend must be denied on grounds of undue delay and prejudice. While mere delay is not enough on its own to deny leave to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." McKenna v. City of Philadelphia, 511 F. Supp. 2d 518, 527 (E.D. Pa. 2007) (quoting Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006)). "A plaintiff's delay in moving to amend may become unreasonable if

the plaintiff could have plead its amendments earlier and if there are no new facts or an intervening change of law to justify the failure to act sooner." McKenna, 511 F. Supp. 2d at 527; see also Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

In support of its Motion to Amend, Nolt asserts that the delay in filing the Motion was due to the fact that the case was in suspense pending the outcome of the appeal before the Third Circuit. It argues that because the case was not restored to the active trial docket until April 2, 2007, that its delay of slightly more than one year does not rise to the level of "undue delay." While a delay of one year, in and of itself, may not rise to the level of "undue delay," there are several additional factors that make the delay in this case unreasonable. The parties originally requested that this case be placed in suspense pending a decision in the case before the Court of Appeals. The Third Circuit rendered an opinion finding that Nolt was not bound to the terms of the agreement on May 4, 2005. Thus, Nolt has been aware of all the facts and circumstances surrounding its case against Local 30 and RCA since that time. Nolt itself admits that there have been no newly discovered facts or evidence in this case since May 2005. Nonetheless, it failed to amend its pleading at that time or within a reasonable time thereafter. Instead, it waited until May 16, 2008, the final day for dispositve motions in this case and more than three years after the Third Circuit rendered its opinion, to file its Motion to Amend.

While Nolt argues that the case has only been out of suspense for slightly over a year, that fact does little to justify the delay. Not only has Nolt been aware of the posture of this case since 2005, but it filed suit in Federal District Court for the District of New Jersey in 2006, asserting the same claims that it now seeks to advance in this Court. Thus, Nolt was aware of these additional theories and causes of action at least as early as 2006. Numerous courts have held that

a delay in amending pleadings may become unreasonable where the facts were known much earlier, and the moving party fails to advance a satisfactory reason for the delay.  See Arthur, 434 F.3d at 204; Lorenz, 1 F.3d at 1414; McKenna, 511 F. Supp. 2d at 527.  Given that the facts have been available to all parties for several years, and Nolt has advanced no adequate reason for the delay, the Court finds that the delay was unreasonable.

      Nolt additionally argues that Local 30 and RCA would not be prejudiced by the amendment because these additional claims stem from the same conduct that formed the basis of the case before the Third Circuit and before the NLRB.  "A party is unduly prejudiced if an amendment would cause surprise, result in additional discovery, or add cost in preparation to defend against new facts or theories."  Amquip Corp. v. Admiral Ins. Co., 231 F.R.D. 197, 199 (E.D. Pa. 2005).  Nolt asserts that no additional discovery is needed because the Third Circuit decision, as well as the New Jersey action, put the parties on notice of the additional claims it seeks to assert.  As such, Nolt argues that the amendment would not result in additional discovery, costs, or preparation for the parties.  This assertion fails to take into account the fact that both Local 30 and RCA were concentrating their efforts solely on the fraud claim throughout the entire discovery process.  Neither party conducted any discovery with regard to the additional claims that Nolt now seeks to assert against them.  This is particularly troubling for RCA, against whom Nolt now seeks to assert nine additional causes of action.  Thus, Local 30 and RCA would be prejudiced by the need for additional discovery on these additional causes of action and for additional motion practice on these additional claims, as well.

      Nolt has had a great deal of time both before and after this case was placed in suspense within which to amend its pleadings.  Furthermore, it has not convinced this Court that the delay

was not undue, particularly with regard to the time period after the case was restored to the active docket. Allowing Nolt to Amend at this stage, after the close of discovery and after all parties have submitted Motions for Summary Judgment, would greatly hinder this case from moving forward in a timely fashion and would interfere with the right of this Court to control its own trial docket. Under these circumstances, we find that Nolt's delay was unreasonable, and the Motion to Amend must be denied on grounds of undue delay and prejudice.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOCAL UNION 30, UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, et al. | : : : : : |
| Plaintiffs/Counterclaim Defendants, | : : CIVIL ACTION : |
| v. | : No. 01-5344 |
| D.A. NOLT, INC., | : : : |
| Defendant/Counterclaimant, | : : |
| ROOFING CONTRACTORS ASSOCIATION | : : |
| Third Party Defendant | : : |

**ORDER**

**AND NOW**, this 23rd day of June, 2008, in consideration of the Motion for Leave to File an Amended Counterclaim and Second Amended Third-Party Complaint (Doc. No. 64), and the responses thereto, it is hereby **ORDERED** that the Motion is **DENIED.**

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE